## County of Erie *versus* Commissioners of Water Works in the City of Erie.

A municipality owning property, in this case water works, from which revenue is derived, is subject to a county tax thereon under the Act of May 14th, 1874, P. L., 155, and this whether the revenue thus derived be paid into the treasury of the municipality or be used in maintaining and improving the property.

April 29th, 1886.   Before GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.  MERCUR, C. J., and PAXSON, J., absent.

ERROR to the Court of Common Pleas of *Erie county:* Of January Term 1886, No. 458.

This was a case stated in the nature of a special verdict, for the judgment of the Court wherein the county of Erie was plaintiff, and the commissioners of water works in Erie was defendant.   The following is the case stated:

It is agreed by the attorneys for the above stated parties, that the following case stated in the nature of a special verdict, be presented for the judgment of the Court.

1. The commissioners of water works in the city of Erie are a *quasi* corporation, created by and in pursuance of the Act of April 4th, 1867, P. L., 768, entitled "A further supplement to the Charter of the City of Erie, to provide for the appointment of water commissioners, and to define their powers and duties," which said Act is hereby made a part of the case stated, as also the eighth section of the Act of April 2d, 1868, P. L., 610.

2. That the defendants are the legal owners of five water lots, in the Fourth ward of the city of Erie, and land adjoining the same, upon which is erected a stand-pipe, engine house, pumping house, and machinery necessary for the pumping of and supplying water to the inhabitants of the city of Erie; and the said defendants are also the legal owners of about seven and one-half acres of land in the Sixth ward of the city of Erie, upon which a reservoir has been built, which contains, in part, the water supply of said city, and is in constant use in connection with the water works of said city; and it is also agreed that all the property owned and used by the water commissioners of the city of Erie, as aforesaid, is necessary in operating and carrying on said works, to supply the public with water.

3. That the defendants acquired title to said property in pursuance, and by authority of the above mentioned Acts of Assembly, and erected the said water works, and have been

[County of Erie v. Com'rs of Water Works.]

and now are operating them in pursuance of the provisions of said Acts of Assembly. The money with which the original works were built was raised by the sale of bonds issued by the city of Erie, to the amount of six hundred and seventy-five thousand dollars, which said bonds were delivered by the city of Erie to the water commissioners in compliance with the terms of the fifth section of the Act of April 4th, 1867. No part of the principal of said bonds has been paid, and the interest thereon has always been and now is paid by the city of Erie.

4. The revenue derived from said water works has been, and is now, received and expended by said water commissioners. No part of said revenue has ever been paid to the city of Erie, but the entire revenue (all of which is received from water rents), after payment of the actual operating expenses, repairs, enlargement of said works, has been used from year to year in extending the water supply to parts of the city not supplied. The surplus revenue for the year 1885, over and above running expenses, was about thirty-five thousand dollars, all of which was expended in enlarging the works, and in making extensions as aforesaid.

5. That the said commissioners have never paid any taxes to the Commonwealth, upon said property, in any form, nor do they now pay any such taxes; but the bonds issued by the city, as aforesaid, have been and are taxed for state purposes.

6. That for the year 1885 the assessors of said wards assessed the property above mentioned, belonging to the water commissioners aforesaid, and the county commissioners laid a tax thereon, amounting in the aggregate to the sum of two hundred and thirty and two one-hundredths dollars, payment of which has been duly demanded and refused.

7. If upon the facts stated the Court be of the opinion that said property is legally subject to taxation for county purposes, as aforesaid, then judgment to be entered in favor of the plaintiff, and against the defendants for two hundred and thirty and two one-hundredths dollars and costs of suit; but if the Court be of the opinion that the said property is not taxable for the purposes aforesaid then judgment to be entered in favor of the defendant for costs, either party to be entitled to a writ of error.

The Court, GALBRAITH, P. J., filed the following opinion, entering judgment for the defendants:

Although managed by a board of commissioners appointed by the Court of Common Pleas of Erie county, the water works described in the case stated belong to the city of Erie; they were built with the money of the city and the debt in-

curred and existing on account of their erection is the debt of the municipality. They are public property, therefore, quite as much so as the alms house, the court house, or the jail belonging to the county of Erie.

In the opinion filed in No. 172, February Term, 1886, County of Erie *v.* City of Erie, and which case involved the question of the right of the county to levy a tax upon the fire engine houses, etc., owned by the city, I took occasion to go pretty fully into the general subject, and it is not necessary to repeat what was then said, or to do more than to refer to the authorities and legal doctrine and rules there cited. It has been insisted upon by counsel for the plaintiff that even if it be the correct view that municipal property such as that involved in the other case mentioned is exempt from taxation, that the water works must stand in a different position because they are within the proviso in the first section of the Act of Assembly passed May 14th, 1874, which it is contended subjects all property to taxation "from which any revenue or income is derived," "except where exempt by law for state purposes." Whether this clause means a sweeping inclusion of all property not specially mentioned in the preceding portion of the section, or whether it was intended only to prevent the exemption from attaching to property coming within the enumerated classes which should be made in any way a source of pecuniary profit or revenue, may well be doubted. The sentence has the vice of obscurity so often found in our statutes and which arises probably from the insertion of different amendments from different hands during the process of enactment. But conceding that it was intended, as agreed, to cover all and every species of property not mentioned as exempted, can it be held to apply to public property such as that here in question merely because the public pay water rates in proportion to the amount of water used. The rule of law is that general words of description of property to be held liable under a tax law are to be held to have reference to private property only, and not to that owned by the state or by counties, cities, or townships. This seems to be well settled law, and it is not necessary to cite again the numerous authorities referred to in the other case already mentioned. Municipalities are only subordinate parts of the state for public purposes and for public convenience, and it is not to be presumed that it was the intention either of the framers of the Constitution or of the legislature that they should tax the property of each other.

The case of Chadwick *v.* Maginnes, 94 Pennsylvania State Reports, 117, is not in conflict with this view. The property on which the tax was there levied was not public property. It did not belong to the city of Chester, but to the councilmen

of the south ward of that municipality, or to other taxpayers of that ward,—the profits, if any, to be paid into the city treasury for the benefit of the taxpayers of that part of the city. It was not in any sense city or municipal property, nor the property of any municipal corporation any more than it would be if it had belonged to a certain portion of the inhabitants of the ward under the same arrangement with the city as to the reduction of the taxes of those concerned in it.    Judgment is entered for defendant for costs.

The plaintiff thereupon took this writ assigning for error the judgment of the Court.

*Frank Gunnison*, for plaintiff in error.—Public property used for public purposes from which a revenue is derived is subject to taxation : Chadwick *v.* Maginnes, 13 Norris, 117.

*Theo. A. Lamb*, for defendants in error.—The property of the defendants is public property : Philadelphia *v.* Fox, 64 Pa. St., 169; Philadelphia *v.* Field, 58 Pa. St., 320; Perkins *v.* Slack, 86 Pa. St., 270 ; Dillon Municipal Corps., § 462.

The Act of May 14th, 1874, P. L., 158 does not provide that all real and personal property held for public uses, except that named, shall be taxed ; if it did, and there were no other objections to the Act, I concede that the property should be taxed.    But such property is never taxable by implication. As was said by LOWRIE, C. J., in the case of Directors of Poor *v.* School Directors, 42 Pa. St., 25 :   " The public is never subject to tax laws, and no portion of it can be without express statute.    No exemption law is needed for any public property held as such ; and declaring the poor house exempt from all but state and road taxes (Act of 20th April, 1849, P. L., 599), is really saying nothing unless state and road taxes be also expressly laid.    They are not imposed by implication."

It seems to me that this case is conclusive as to the merits of the present controversy : Louisville *v.* Commonwealth, 1 Duvall, 295.

The Act of May 14th, 1874, in question, is an exemption Act, pure and simple.    Any property not exempt is subject to taxation : Coatesville Gas Co. *v.* Chester Co., 97 Pa. St., 476.

The learned counsel relies much upon the case of Chadwick *v.* Maginnes, 94 Pa. St., 117, to sustain his position that the Act of 1874 is a taxing Act ; but the point now raised was not made in that case.

In fact, it seems to have been conceded in that case that the *quasi* corporation was a private one, and exemption was claimed only upon the ground that the public works of a private corporation are exempt from taxation, they being taxed in another form.

[County of Erie *v.* Com'rs of Water Works.]

Mr. Justice GREEN delivered the opinion of the court, October 4th, 1886.

The difference between this case and that of The County of Erie *v.* The City of Erie is, that the Act of 1874 does contain a clause which directs that " all property real or personal other than that which is in actual use and occupation for the purposes aforesaid and from which any income or revenue is derived shall be subject to taxation," and it is the fact that the property in question here does yield a large revenue to the defendants. It seems to us that the legislature, possessing the power, as it does, by section 1 of Article IX, to provide for the levying and collecting of all taxes, has exercised its power and in such language as to embrace the property here in question. When it says " all property real or personal" which yields revenue shall be subject to taxation, we think the words used must be literally read. Water works are not essential to the administration of municipal government. They are incidental to it and possibly advantageous. If they are conducted without exacting revenue for the water furnished, they would not come within the language of the Act and would not be taxable, but as revenue is derived, the necessary meaning of the language employed embraces them. The fact of municipal ownership is the only matter that creates any doubt, but the provision is so broad and so peremptory that we think the liability to taxation was intended to be created without any regard to the public or private character of the ownership. It can not be said that there was any want of consciousness of the fact on the part of the legislature, that they were dealing with public property, for that was one of the classes of property which they were exempting, and in contrast with this they provide that *all* property, real or personal other than that which is in actual use and occupation for the purposes aforesaid and from which any income or revenue is derived shall be subject to taxation. The excepted property referred to includes certain kinds of public property but does not include the particular kind in question here, hence it is not embraced within the exception and is included in the general designation *all property*.

It would doubtless be entirely proper for the legislature to exempt all public property used for public purposes from taxation without qualification, but as they have not done so we have no discretion and must enforce the law as it is written.

> The judgment is reversed, and judgment is now entered on the case stated for two hundred and thirty and two one-hundredths dollars in favor of the plaintiff and against the defendants, with costs of suit.