## SEWICKLEY BOROUGH v. T. M. SHOLES.

APPEAL FROM THE COURT OF COMMON PLEAS NO. 2. OF ALLEGHENY COUNTY.

Argued October 24, 1887—Decided January 3, 1888.

The title to the act of May 14, 1874, P. L. 158, is "an act to exempt from taxation public property used for public purposes," etc. The act then proceeds to exempt from taxation certain kinds of property within the enumeration of the title, and closes with the proviso: "Provided, that all property, real or personal, other than that which is in actual use and occupation for the purposes aforesaid, and from which any income or revenue is derived, shall be subject to taxation," etc. *Held,* that the title of said act, disclosing merely a purpose to exempt from taxation, and the said proviso containing an intent to impose taxation, the proviso is in conflict with § 3, article III. of the constitution and is therefore void. The County of Erie v. The Commissioners etc., 113 Pa. 368, distinguished.

Before GORDON, C. J., PAXSON, STERRETT, GREEN and WILLIAMS, JJ.; TRUNKEY and CLARK, JJ., absent.

No. 27 October Term 1887, Sup. Ct.; court below, No. 237 April Term 1886, C. P. in equity.

The borough of Sewickley is the owner in fee of about eighty-seven acres of land in Aleppo township, on which is erected a water-works, owned and operated by "The Commissioners of Sewickley Water Works," incorporated by the act of February 21, 1873, P. L. 147, and which is used exclusively for the supply of water to the inhabitants of said borough and vicinity. The company has no capital stock and pays no taxes either to the township or to the county. The water-rents received from the water supplied, less the operating expenses, are paid into the borough treasury, and are then appropriated exclusively to the interest on the bonds of the company and to a sinking fund for their final payment, for which purpose the said income is insufficient. In 1886, the said township assessed taxes upon a part of said land, which did not embrace the water-works proper, but was a part from which a revenue accrued to the company from the sale of crops

growing thereon ; and to enforce the payment of said taxes a levy was made upon and a sale advertised of certain personal property belonging to the water-works and necessary for their operation.

A bill in equity was filed by the said borough to enjoin T. M. Sholes, the tax-collector of said township from proceeding with the levy upon and sale of said property, and a preliminary injunction ordered. The cause coming on for hearing on bill, answer and a statement of facts agreed upon showing the foregoing, the court, EWING, P. J., filed the following opinion and decree:

The plaintiff admits that sufficient personal property has been levied upon to pay the taxes. Counsel for plaintiff, in open court, say that they desire a decision in the case regardless of the character of the property levied upon. That if the assessment is legal the borough will pay it.

The pleading and facts show that an income and revenue is derived from the said water-works. This brings the case precisely within the rulings of the Supreme Court in the recent case of The County of Erie v. City of Erie, decided in 113 Pa. 368, in October of the present year. The decision is against the claim of exemption by the plaintiff.

And now 23d of December, 1886, after argument and upon consideration it is ordered, adjudged and decreed, that the bill of complainant is hereby dismissed at the costs of complainant.

Thereupon the plaintiff took this appeal, specifying that

1. The court erred in holding that plaintiff derives an annual income or revenue from its water-works similar to the case of The County of Erie v. The Commissioners, 113 Pa. 368.

2. The court erred in not holding the proviso to the act of May 14, 1874, to be unconstitutional.

3. The court erred in holding that from the statement of facts submitted the law was with defendant, and in dismissing plaintiff's bill.

*Mr. F. C. Osburn*, for the plaintiff in error :

1. In The County of Erie v. The Commissioners etc., 113 Pa. 368, the ruling is based entirely on the fact that the water-works property yielded an annual income or revenue to the municipality. It is true that the admitted surplus in that case

was used entirely for enlarging the works, but this application was a matter within the discretion of the municipality. In the present case, the income is applied only to the bonds of the company, and is entirely insufficient for that purpose. But the constitutionality of the proviso of the act of May 14, 1874, P. L. 158, was not raised in the case referred to.

2. The common law recognizes the principle that a government will not tax herself, nor will she allow a subdivision of herself to tax another subdivision : California v. Doe, 36 Cal. 220 ; Louisville v. Commonwealth; 1 Duv. 295. It is conceded that there is no direct statute prior nor since the constitution of 1874, under which such property can be taxed. The authority to tax in any given instance is never presumed, but must be affirmatively shown: Erie County v. Erie City, 113 Pa. 368 ; Rochester v. Rush, 80 N. Y. 302. Not only so, but the presumption as to municipalities would be that they were not included among the objects or subjects of a statute authorizing taxation: Dill. Mun. Corp., § 773 ; Cooley Taxation, 130 ; Poor Directors v. School Directors, 42 Pa. 21. A municipality does not lose its identity by engaging in the business of furnishing water to its inhabitants: Lehigh Water Co.'s App., 102 Pa. 515.

3. Article III., §§ 1, 3 and 7, and article IX., §§ 1 and 2, contain all the requirements stated in the constitution upon the subject of legislation and taxation applying in the present case, and it is clear by these provisions, first, that all taxation shall be by general laws ; second, that all exemption shall be by general laws. The constitution itself has severed the two subjects and requires that they be legislated upon separately ; wherefore the act of May 14, 1874, must stand or fall as a general law-taxing property, or as a general law exempting property from taxation.

4. The title of the act referred to- is, "An act to exempt from taxation public property used for public purposes," etc. Article III., § 3, provides that "no bill except general appropriation bills shall be passed containing more than one subject, which shall be clearly expressed in its title." These requirements are mandatory: Phœnixville Road, 109 Pa. 44. But one subject is embraced in the title to the act: exemption. The proviso contains another: taxation. Granting that the

purpose of the proviso was to declare what property should not be exempt from taxation: Consolidated Gas Co. v. Chester County, 97 Pa. 476, yet there is a wide distinction between this proposition and a proposition incorporating into the act provisions imposing taxation. To hold that the act taxes anything must be to make its subject taxation. A law passed to exempt property and a law passed to tax property, cannot be understood as referring to one and the same thing: See remarks of Mr. Justice TRUNKEY in Venango County v. Railroad Co., 2 Leg. Ch. 300.

5. The test to be applied to warrant the proposition that the subject of this act is taxation, would be that its title gave fair and reasonable notice that such was its purpose: Union P. R. Co.'s App., 81* Pa. 91; Mauch Chunk R. Co. v. McGee, 81 Pa. 434; Allegheny Co. Home's App., 77 Pa. 80; Commonwealth v. Green, 58 Pa. 234; Dorsey's App., 72 Pa. 195. But not only must the subject be embraced, but it must be clearly expressed, in the title: Airy Street, 113 Pa. 287; Rogers v. Improvement Co., 109 Pa. 107; Phœnixville Road, 109 Pa. 44; Buckalew Const., 69; Union Tp. v. Rader, 39 N. J. 509.

No argument was made on behalf of the appellee.

OPINION, MR. JUSTICE GREEN:

When the case of The County of Erie v. The Commissioners of Erie, 113 Pa. 368, was before us no question was raised as to the constitutionality of the proviso clause of the act of May 14, 1874. No assignment of error to the decision of the court below presented that question. It was not raised or decided in the court below. It was not presented to us either in the paper books or in the oral argument. It was not before us in any manner whatever, and of course it was neither discussed nor decided. It is before us now, however, by a distinct assignment of error, and must therefore be met and decided. What we decided in the Erie case was simply that property yielding a revenue was liable to taxation, although owned by a municipality and used for public purposes. It was a question of construction only. The present question is widely different from that. It is whether the proviso clause is in conflict with article III., section 3, of the constitution of 1874,

which is in these words: " No bill except general appropriation bills shall be passed containing more than one subject, which shall be clearly expressed in its title."

The title of the act of May 14, 1874, is in the following words : " An act to exempt from taxation public property used for public purposes, and places of religious worship, places of burial not used or held for private or corporate profit and institutions of purely public charity." '

The act itself then proceeds to exempt from taxation various kinds of property embraced within the enumeration of the title, and closes with the following proviso : " Provided that all property, real or personal, other than that which is in actual use and occupation for the purposes aforesaid, and from which any income or revenue is derived, shall be subject to taxation, except when exempted by law for state purposes, and nothing herein contained shall exempt same therefrom."

It is perfectly plain that the title of this act discloses only a purpose to exempt property from taxation. Neither directly nor indirectly is any purpose indicated to impose taxation upon any species of property. Before reaching the expression of such a purpose it is necessary to read the whole of the title and all of the body of the act down to the word " Provided." Here, for the first time, is discovered an intent to impose taxation, and we discover that intent only by reading the operative words which direct the taxation in question. There is no title which discloses such an intent. But the third section of the third article enjoins a title, and also a clear expression therein of the one subject which it may contain. Here are three requirements of the constitution, all of which are disregarded. In the case of In re Road in Phœnixville, 109 Pa. 44, we said : " While it may be difficult to formulate a rule by which to determine the extent to which the title of a bill must specialize its object, it may be safely assumed that the title must not only embrace the subject of the proposed legislation, but also express the same so clearly and fully as to give notice of the legislative purpose to those who may be specially interested therein. Unless it does this it is useless."

The only remaining question is, Does the proviso clause impose taxation ? To this there is but one answer. Its very terms, in most direct and explicit language, do declare that all

property, real and personal, yielding income or revenue, excepting what is in actual use for the purposes mentioned in the enacting clause, and such as may be exempted for state purposes, shall be subject to taxation. Prior to the act of 1874 the rule was that nothing was subject to taxation except that which was expressly taxed by some law. Under this act everything is taxable except that which is exempt. So radical a change as this, which subjects to taxation many kinds of property never before taxed, must certainly be regarded as new legislation upon a subject of the gravest importance, and therefore plainly within the constitutional requirements we are considering. While it is true that specific taxation is not imposed by the proviso clause, yet it is also true that property is thereby made taxable which was not taxable before, and upon the basis of this legislation taxation can be imposed upon the property in question by the various taxing authorities throughout the commonwealth without further legislation. This is precisely what was done in The County of Erie v. The Commissioners of Erie, 113 Pa. 368, and what was attempted in The County of Erie v. The City of Erie, 113 Pa. 360. It could, and naturally would, be done in any case where a municipality owned water-works, gas-works, electric-light works, city halls, town halls, market houses, or other public works or buildings from which a revenue is derived; since none of these is exempted by the enacting clause of the act of 1874, nor was any of them subject to taxation before that law was passed. Entertaining these views we are obliged to declare the proviso clause of the act of May 14, 1874, to be in conflict with article III., section 3, of the constitution, and therefore void.

Judgment reversed.