## Heron, Appellant, *v.* Pittsburg.

*Taxation—Exemption—Land within limits of unopened street.*

Land lying wholly within the limits of a street laid out but not opened for public use, is liable to taxation for general purposes. The restriction as to building imposed by sec. 2 of the Act of May 16, 1889, P. L. 228, does not affect the ownership so as to relieve the property from taxation.

Argued April 15, 1914. Appeal, No. 1, April T., 1914, by John B. Heron, Jr., from order of C. P. Allegheny Co., July T., 1912, No. 41, dismissing appeal from tax assessment in case of John B. Heron, Jr., v. City of Pittsburg. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Appeal from tax assessment. Before REID, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order dismissing the appeal.

*Thos. F. Ganahen,* with him *J. A. Langfitt* and *H. W. McIntosh,* for appellant.

No printed brief for appellee.

OPINION BY KEPHART, J., July 15, 1914:

The appellant owned a lot of ground in the city of

Pittsburg over a part of which, on June 25, 1894, the city, by ordinance, located a public street known as Dunlevy street. Nothing further was done toward the placing of this property to a public use. One end of the proposed street is closed, and a livery stable partly occupies a part of the proposed street on the land of the adjoining owner. The appellant is in possession of the ground, has title thereto, subject to certain limitations imposed by the act of 1889 and the city's right to acquire the easement through future proceedings. The appellant claims an exemption from assessment for taxes.

All real estate, not exempt from taxation within the commonwealth, shall be valued and assessed for taxes: Act of April 8, 1873, P. L. 64; Patterson v. Delaware County, 70 Pa. 381; Philadelphia v. Barber, 160 Pa. 123.

"The claimant of exemption from taxation must show affirmative legislation in support of his claim, and his case must be clearly within it," and within the lines laid down by the constitution: Wagner Free Institute v. Philadelphia, 132 Pa. 612; Philadelphia v. Barber, supra.

The general statutes of the state, upon the subject of taxing property, undoubtedly refer to private property and not to that owned by the state or any of its municipal subdivisions; and it has been stated that no exemption law is needed for real estate actually held and used for public purposes: Dillon on Municipal Corporations, sec. 1397; Trustees of Public Schools v. Trenton, 30 N. J. Equity, 667; Directors of the Poor of Schuylkill County v. School Directors of North Manheim Township, 42 Pa. 21.

The constitution of the state of Pennsylvania, art. 9, sec. 1, provides that the legislature "may, by general laws, exempt from taxation public property used for public purposes," and the Act of May 14, 1874, P. L. 158, and its amendments, provide that all property,

real and personal, other than that which is in actual use and occupation for the purposes aforesaid . . . . shall be subject to taxation. . . ." Unless the property of a municipal corporation is held and used for *public purposes* the property is the subject of taxation: Erie v. School District, 17 Pa. Super. Ct. 33.

No act of assembly has been pointed out which holds that where a street has been laid out, as under the Act of May 16, 1889, P. L. 228, but not opened, the property covered thereby is exempt from taxation. There is no finding of fact to sustain a user for public purposes that would entitle appellant to an exemption on that account. For whatever diminution in value of this lot that might have been caused by reason of the laying out of the street, that claim would be a proper consideration before the board of revision of taxes in reduction of the assessed value. Until the city actually opens the street, the ownership, use and occupation is in the appellant. The city may never open the street, in which case complete dominion over the lot is reinvested in the plaintiff. During the period that the laying out ordinance is in effect, the plaintiff is not absolved from paying taxes. If the city follows up this ordinance with the actual use, the plaintiff is then compensated in damages, but he cannot have the title, possession and use of the land and be relieved from paying taxes while so situated.

The appellant contends that the restriction as to building imposed by sec. 2 of the Act of May 16, 1889, P. L. 228, was such an interference with absolute ownership as to cause it to be reduced to a qualified ownership. Whatever force this argument might have in an action for damages, the appellant still has title, ownership, use and possession which, in Pennsylvania, is a taxable interest in real estate. Whether you call the title as here presented a base or qualified fee, or any other name, it is an interest in land subject to a tax. Section 3 of this same act, provides a remedy whereby

the landowner may compel the city to open the street or vacate it. He need not continue under this restriction unless he so desires. The case presents a different question than that which would arise under a proper dedication, for the owner thereby divests himself of title, ownership, and rights of possession; the land is subject to the easement he created; the rights of others may intervene to compel a proper dedication to stand. As to these questions we do not express any opinion. The case before us is decided on the facts therein presented.

The assignments of error are overruled and the decree of the court below is affirmed at the cost of the appellant.