# Thirty-Second Congressional District of Pennsylvania Election Returns.

*Elections—Election returns—Discrepancy between talley sheets and certified returns—Correction — Computation — Practice, Supreme Court—Appeals.*

1. Where the tally sheets of an election are free from suspicion of fraud and the only error therein is an error of addition, the board of return judges may correct such error and base their returns upon the figures as shown by the corrected tally sheet.

2. The tally sheets are as much part of the general returns required by law to be deposited with the prothonotary and by him presented to the court for purposes of computation, as the certified returns. They are alike complementary and together constitute one return.

3. Where there was a discrepancy between the tally sheets and the returns certified by the election officers and it appeared that the tally sheet was free from erasures and properly kept, but that the footing was incorrect, and that the error was carried into the certificate of the election officers, the court did not err in failing to require the election officers to produce the election papers or to compute the election returns in accordance with the corrected figures shown by the tally sheet.

4. On appeal from an order refusing a petition for the recount of the vote cast in an election district, the case comes before the

Supreme Court as on a common law certiorari and the examination of the Supreme Court is confined to what is disclosed by the record, but it may examine the opinion filed by the court below for the purpose of determining whether the lower court acted upon legal grounds and within the discretion committed to it.

Argued Jan. 8, 1917.   Appeal, No. 35, Oct. T., 1917, by Herman L. Reinecke and Andrew A. Cosatch, from order of C. P. Allegheny Co., Jan. T., 1917, No. 1320, refusing petition for a recount of votes, In re Computation and Certification of the Election Returns of the Thirty-Second Congressional District of Pennsylvania, In re Election of a Representative in Congress of the United States, held November 7, 1916.   Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and FRAZER, JJ.   Affirmed.

Petition for a recount of the votes cast for Congressmen of the Thirty-second Congressional District.   Before MACFARLANE and CARPENTER, JJ.

The opinion of the Supreme Court states the facts.

The court refused the petition.   Herman L. Reinecke and Andrew A. Cosatch appealed.

*Error assigned* was in refusing the petition.

*Edmond Englert,* for appellants.

*John W. Freeman, Jas. A. Wakefield* and *W. J. Brennen,* for appellees.

OPINION BY MR. JUSTICE STEWART, January 29, 1917:
This case comes before us on a common law certiorari.

Our examination of it therefore is confined to what is disclosed by the record.   What is complained of is the conduct of the board of return judges for the Thirty-second Congressional District, wholly within County of Allegheny, in computing the returns of the last general election so far as they relate to the election of one or other of the two leading congressional candidates voted

for at said election. The board of return judges, consisting of two of the Common Pleas judges of the County of Allegheny, began their sessions on the 9th day of November and concluded them on the 25th following. While in session, two qualified electors who had voted at said election for a representative in congress, presented their petition to the board in which they alleged that the election returns from some ten of the subdistricts composing the congressional district which had been filed with the prothonotary, and which by him had been presented to the court for computation, showed discrepancy between the tally sheets and the certified returns signed by the officers of the election in the number of votes cast respectively for Guy E. Campbell, and Andrew J. Barchfield, the two leading candidates; and that in computing the vote cast the board had counted the votes shown by the tally sheets and not those shown by the certified returns, with the result that 53 votes had been counted in favor of Guy E. Campbell in excess of the number he was shown to have received by the certified returns, thereby giving him a plurality of the votes cast. The petition prayed that the vote in said subdistricts should be recounted according to the certified returns instead of the tally lists. An answer was filed in which discrepancy between the tally sheets and the certified returns was admitted, but containing specific denial of all other material facts set out in the petition, and alleging that if the vote were computed on the basis of the tally sheets alone, it would show a plurality for Guy E. Campbell of 179 votes, and if computed on the basis of certified returns alone, his plurality would be 31 votes. The court after argument and upon further consideration refused the prayer of the petitioners, and returned the vote as showing a plurality for Campbell of 46 votes. In so finding was the board acting within its legitimate power? This is the only question presented by the record. Under the certiorari we may review the proceeding so far as to see whether the board kept within the limits of the power

conferred upon it, and exercised that power in conformity with the law. It is conceded that the certified returns and the tally sheets, in the instances specified, do not agree in the number of votes cast for these several and respective candidates. The error or mistake is apparent on the face of the returns. It is not suggested that this resulted from any fraudulent design or purpose. The fact that it existed and was apparent, without more, cast upon the board the burden and responsibility of an investigation, to the end that a just result might be reached by its computation. When mistakes such as this occur, whether charged or not, if apparent, the statute governing—the Act of May 6, 1909, P. L. 425—provides that the court shall examine the returns, and if, in its judgment, it shall be necessary to a just return, it shall issue summary process against the election officers and overseers, if any, of the election districts complained of, to bring them forthwith into court with all the election papers in their possession; and if palpable mistake or fraud shall be discovered, it shall, upon such hearing as may be deemed necessary to enlighten the court, be corrected by the court and so certified; but all allegations of palpable fraud or mistake shall be decided by the court within three days after the returns are brought into court for computation. Since the duty thus imposed on the court is the computation of the votes cast at the election, as exhibited by the returns submitted by the prothonotary, it follows that the board was acting in the proceeding strictly within the limits of its authority; and it is equally clear that in the manner of its performance it omitted nothing required of it by the act. If it failed to do all that the law gave it power to do, as for instance, compel the attendance of the election officers and the production of all election papers in their possession, we can only conclude that this was because in the exercise of the discretion with which the law invested the court, it did not deem such course necessary or even helpful in enabling it to make a just return. Every pre-

sumption is to be made in favor of the proceeding of the court below in such cases: Election Cases, 65 Pa. 20. Speaking for ourselves we fail to see how the election officers could contribute help in any degree in such situation as was here presented; nor do we see how any election papers they might have would throw light upon the situation. Were fraud alleged the case would be different; but the court here was dealing not with a question of fraud, but with a discrepancy in a count which was admittedly a pure mistake in the computation of the election officers. Moreover—and of still greater pertinence to the one subject of inquiry before us, namely, the order of the board in refusing the prayer of the petitioners—the petitioners, although earnestly claiming that it was error in the board not to summon the election officers before them with election papers in their possession, nowhere and at no time asked this of the board; the refusal of their petition did not conclude them from asking such process if they thought it promised any result.

The single other error assigned is the refusal of the court to count the votes as shown by the signed and certified return sheets to the exclusion of the tally sheets. It is quite enough to say that the tally sheets are as much part of the general return required by law to be deposited with the prothonotary and by him presented to the court for purposes of computation, as any of the certified returns by the election officers. They are all alike complementary, and together constitute one return. "In examining the returns of the election the whole returns are to be taken, and the omission, if any, in any one part of it, are to be supplied from what appears in the others. The failure of the election officers to set out upon the triplicate return sheets, or in the open returns, the terms for which the several candidates for the office of school directors were respectively voted for, is to be corrected and supplied by the tally list which shows such terms": Com. ex rel. v. Fletcher et al., 180 Pa. 456, p. 463.

While as a general rule the review on certiorari is con-

fined to the judgment without reference to the reasons of the court in entering it, in such a proceeding as this it is permissible to look at the opinion to see the basis on which the court acted.   In this case we deem it peculiarly appropriate and only justice to the court, in view of the objections which have been urged, to recite so much of the opinion of the court as here follows.   "The return sheets are prima facie correct.   But we must ascertain if there are any palpable mistakes; a discrepancy between the certificates and the tally sheet is a palpable mistake.   The tally sheet does not always govern, and there may be cases where it is manifestly incorrect, or at least of doubtful value, but where it is free from erasures and properly kept, but the footing is incorrect, and that error is carried into the certificate, it is a mistake apparent on the returns, and it is not 'necessary to a just return' to bring in the election officers.   We do not lay down any hard and fast rules, but we have made the returns to correspond with the correct footing of the tally sheets where the discrepancy is a manifest error in addition, inasmuch as the tally papers are free from any suspicion."

The judgment of the court is affirmed.