## Forty-sixth State Senatorial District Election.

*Election laws—Senatorial districts—Boundaries—Annexation of territory to borough from another county—Judicial notice—Acts of May 6, 1909, May 10, 1921, and May 25, 1921—Correction of "palpable mistake"—"Just return."*

1. The Act of May 6, 1909, P. L. 425, makes it the duty of the Court of Common Pleas (not merely a judge thereof) to examine an election return, and if any apparent or palpable mistake is discovered, to correct such mistake, in order that the return certified by the court (not a judge thereof) under its seal may be "a just return."

2. In the exercise of such power, the court's functions are judicial and not mechanical, or limited to a mere counting or adding of the votes.

3. In determining whether or not certain territory was included in a senatorial district, the court is bound to know or to take judicial notice of the boundaries of the State and its divisions and the limits of such divisions, and also of the provisions of the Act of May 10, 1921, P. L. 449, apportioning the State into senatorial districts and defining the boundary-lines thereof.

4. Our State Constitution directs our legislature, at its next session after each decennial census, to apportion the State into State senatorial districts. The authority vested in the legislative session next succeeding such census is, at least when exercised, exclusive and precludes any subsequent session from altering the senatorial districts so created, or the boundary-lines thereof, until after the next succeeding census: Leib v. Com., 9 Watts (Pa.), 200, followed.

5. The legislature, at its next session after the 1920 census, passed the Act of May 10, 1921, apportioning the State into senatorial districts, among them the 46th Senatorial District, composed of the Counties of Greene and Washington, the boundary-lines of which were to be determined as of the date of said census, and as the 5th Precinct of the Borough of McDonald had not, at the time of said census, been annexed to said borough, said precinct could not, even by legislative enactment, be made a part of the present 46th State Senatorial District until after the census of 1930.

6. Where, subsequent to the Apportionment Act of May 10, 1921, P. L. 449, which constituted the Counties of Washington and Greene the 46th State Senatorial District, a borough of Washington County annexed to itself as a precinct adjacent territory situate in Allegheny County, and thereafter a return was made from such precinct of votes cast for candidates for State Senator in the 46th Senatorial District, the Court of Common Pleas may reject such return as a palpable mistake.

7. Such precinct does not by its annexation to the borough become a part of Washington County for county and State purposes.

8. If the Act of May 25, 1921, P. L. 1142, amending the General Borough Act of May 14, 1915, P. L. 312, is to be construed as making such precinct a part of Washington County, the act must be held to be unconstitutional, inasmuch as there is no notice in its title of an intention to change the apportionment of the State into representative districts.

Rule on senatorial candidates in the 46th State Senatorial District to show cause why the court should not certify the final aggregate vote for State Senator in the County of Washington, with the 5th Precinct of McDonald Borough omitted therefrom. C. P. Washington Co., Nov. T., 1922, No. 307.

Argued before Brownson, P. J., and Cummins, J., and sitting with them, in an advisory capacity and upon request of the court, Judge J. A. McIlvaine, retired.

*R. W. Knox* (with him *B. B. Barr*), for George B. Sprowls, candidate for State Senator.

*Alex. M. Templeton* (with him *A. Kirk Wrenshall*), for James E. Barnett, candidate for State Senator.

*Ralph M. Allison*, for Election Board of the 5th Precinct of the Borough of McDonald.

Forty-sixth State Senatorial District Election.

CUMMINS, J., Dec. 4, 1922. — The returns of the general election in this county of Nov. 7th, last, were presented by the prothonotary to this court, at 12 o'clock noon, on Thursday, Nov. 9, 1922, whereupon the same were opened and computation thereof begun by the court, aided by its officers and sworn assistants, who had for that purpose been regularly appointed. Saturday, Nov. 11, 1922, being Armistice Day, and the several offices of this court being closed for the whole of that day, an order of adjournment until Monday, Nov. 13, 1922, was, during the evening of Friday, Nov. 10, 1922, duly made and filed.

The 5th Precinct of the Borough of McDonald, as appears by the court records of this county at No. 315, August Term, 1921, Q. S., and No. 337, February Term, 1922, Q. S., was formerly a portion of the Township of Fayette, Allegheny County, and was, during the year 1921, attempted to be annexed to said borough under the provisions of the Act of May 25, 1921, P. L. 1142, which statute was enacted fifteen days subsequent to the passage of the Act of May 10, 1921, P. L. 449, fixing the boundaries of our present State senatorial districts. The court having discovered that among the returns made was one from said 5th Precinct of the Borough of McDonald of votes therein cast for the several candidates for State Senator in the 46th Senatorial District, on Nov. 13, 1922, and within three days after said returns had been so brought into court for computation, as by section 13 of the Act of Jan. 30, 1874, P. L. 31, as amended, it was required to do (32nd Congressional District of Pennsylvania Election Returns, 256 Pa. 342, 345), made and filed an order holding that said 5th Precinct of the Borough of McDonald was not within the territorial limits of said 46th Senatorial District; that the making of said return therefrom was, therefore, a palpable mistake; and that said return should be excluded in tabulating the votes cast for candidates for State Senator in said senatorial district. Later, during said Nov. 13, 1922, a petition was presented to the court, alleging that said return was a nullity; pursuant thereto a summary process was issued to the election board of said election district, requiring them to appear and make answer to the allegations set forth in said petition. On Nov. 14, 1922, a rule was issued by the court upon the several candidates for the office of State Senator in the said 46th State Senatorial District, requiring them to show cause, if any they had, why the court should not certify the final aggregate vote for State Senator in the County of Washington, with the 5th Precinct of the Borough of McDonald omitted therefrom; the disposition of which said rule is now before this court.

The contention that, even if the 5th Precinct of the Borough of McDonald is not within the boundaries of the 46th Senatorial District, the court in this district has no power or jurisdiction to refuse to tabulate a return therefrom, although admittedly illegal, cannot be sustained either by logic or authority. The Amendatory Act of May 6, 1909, P. L. 425, now expressly makes it the duty of the Court of Common Pleas (not merely a judge thereof) to examine the returns made, and if any apparent or palpable mistake is discovered, to correct such mistake in order that the return certified by the court (not a judge thereof) under its seal may be "a just return:" 32nd Congressional District of Pennsylvania Election Returns, 256 Pa. 342, 345; In re 40th Division, 22nd Ward, 18 Dist. R. 211; Foster's Case, 15 Phila. 362. The court's jurisdiction may be limited, but not its power to function within the scope of its jurisdiction. Within the scope of its jurisdiction, the court is not a mere adding machine, as suggested. Its powers are judicial, not mechanical. The adding machine may make a correct count, but it cannot distinguish

3 D. & C.

between right and wrong. The court, however, is required to make a just return. The act expressly requires the court not only to correctly tabulate the returns, but to examine the returns made to see if any are missing. It follows, therefore, that in order to know whether any returns are missing, the court must not only know what the boundary-lines of the senatorial district are, but what election districts go to compose it, and this is only requiring the court (not a judge thereof) to know and exercise the same judicial knowledge required of it in any proceeding. If the court is required by the act to judicially know what voting districts compose our State senatorial district, can it be argued in the same breadth that the same court is not also required to know and to exclude election returns made from voting districts wholly outside of our own senatorial district? The court is not only presumed to know, but is required in every proceeding to take judicial knowledge of, not only, all general laws, but likewise of all public local laws (Van Swartow v. Com., 24 Pa. 131), and is, therefore, required to know and take judicial knowledge of the Act of May 10, 1921, P. L. 449, apportioning this State into State senatorial districts and defining the boundary-lines thereof. Furthermore, even as a general proposition, our courts are required to know and take judicial knowledge of the boundaries of the State and its divisions and the limits of such divisions: Pearce v. Langfit, 101 Pa. 507, 512; Com. v. Salawich, 28 Pa. Superior Ct. 330, 332; Com. v. Kaiser, 184 Pa. 493, 497; Fire Ins. Co. v. Keller, 9 Dist. R. 61; Sandy Lake Borough v. Gas Co., 16 Pa. Superior Ct. 234; Sheraden Borough, 34 Pa. Superior Ct. 639. What more palpable or apparent mistake, then, could be brought to the attention of the court than to find among the returns one from a portion of the County of Allegheny and wholly outside the territorial limits of the 46th Senatorial District? If required to tabulate such a return, why not one from the County of Pike or Luzerne, or from a State senatorial district in Texas or Colorado? How could this court, with the judicial knowledge of these facts expressly required of it by the act of assembly, include such a return and certify under its seal that such return so certified was "a just return?" In fact, as a legal proposition, the return of these votes cast in Allegheny County was so obviously and palpably a mistake that counsel, who, upon argument, insisted that they should be counted, declined to even discuss the proposition of the legality of such a return, being content with the argument that the court in this instance, notwithstanding the apparent illegality of such a return, was a mere adding machine, stripped of its judicial knowledge, powers and functions, and that it, therefore, could not correct such apparent mistake, which position, as we have already observed, is untenable. The only real question involved is whether the 5th Precinct of the Borough of McDonald is within the 46th Senatorial District, and this question presents no difficulties.

Our State Constitution (art. II, § 18, see 1 Purdon, 142) directs our legislature, at its next session after each United States decennial census, to apportion the State into senatorial districts. This authority, vested in the legislative session next succeeding such census, is, at least when exercised, exclusive, and precludes any subsequent session of the legislature from altering the senatorial districts so created, or in any manner changing the boundary-lines thereof until after the next succeeding census: Leib v. Com., 9 Watts, 200, 226-27. See, also Page et al. v. Allen et al., 58 Pa. 338, 346, and Com. ex rel. Hepburn v. Mann, 5 W. & S. 403, 415. Pursuant to this constitutional mandate, our legislature, at its next session after the United States decennial census of 1920, by Act of May 10, 1921, P. L. 449, divided this State into fifty senatorial districts, and, agreeable to the constitutional limitation already referred to, provided,

further, that this apportionment should continue in effect until the next United States decennial census is taken and an apportionment made thereon. It follows, therefore, that the 5th Precinct of the Borough of McDonald is not a part of the 46th State Senatorial District, unless included within the boundaries of that senatorial district as created by said Act of May 10, 1921, P. L. 449. This act, by section 1 thereof, provides that the "46th District" shall be composed of the Counties of Greene and Washington; and, by section 2 of the act, that the boundary-lines thereof shall be determined as of the date of said census. As the 5th Precinct of the Borough of McDonald was not annexed to said borough until long after the completion of said census (under an act not even passed until May 25, 1921), it follows, therefore, that it is not a part of the 46th Senatorial District, but lies wholly within the 45th District, which was composed of a portion of the County of Allegheny. So that, even if the 5th Precinct of the Borough of McDonald by annexation had later become a part of the County of Washington, still it would not thereby become a part of the 46th Senatorial District. Further discussion is unnecessary in order to dispose of the question now before this court, but, in order to make clear the rights of those electors residing within the 5th Precinct of the Borough of McDonald, it should further be observed that said precinct has not become and is not a part of the County of Washington for at least county and State purposes.

The Act of May 25, 1921, P. L. 1142, which, it might be argued, effects this result, is an amendment of the General Borough Act of May 14, 1915, P. L. 312, sometimes referred to as the "Borough Code." As shown by its title, it is "An act providing a system of government for boroughs (not senatorial or congressional districts), and revising, amending and consolidating the law relating to boroughs." In construing this amendatory act, it must be read into the original act as if it had been originally a part thereof, and so as to harmonize therewith: Endlich on Interpretation of Statutes, § 40, page 51. Since the adoption of our present State Constitution, the title to an act is not only a part of the act, but limits its scope and aids in its proper construction: Matis et al. v. Schaeffer, 270 Pa. 141; Halderman's Appeal, 104 Pa. 251, 259; Cochran v. Library Co., 6 Phila. 492, 493; Railroad Co. v. Riblet, 66 Pa. 164, 169. It is clearly apparent, therefore, that it was the legislative intent to permit of such annexation only for purely borough purposes, leaving the portion so annexed, for at least county and State purposes, still within the county of which it was a part. This amendatory act (even if the legislature had authority so to do), by its enacting clauses, does not expressly purport to alter the territorial boundaries of congressional or State senatorial districts, nor to change the apportionment of the State into representative districts, and if such construction were given to it by implication, the act clearly would be unconstitutional as offending against art. III, § 3, of the Constitution, for no notice of such intention appears in the title to the act: In re Road in Phœnixville, 109 Pa. 44; Sewickley Borough v. Sholes, 118 Pa. 165. Where practicable, however, statutes will be construed so as to make them constitutional: Carr v. Ætna Accident and Liability Co., 263 Pa. 87, 106 Atl. Repr. 107; Baker v. Warren County, 11 Pa. Superior Ct. 170. The provision in the act with reference to school districts, while perhaps misleading, is but declaratory of the result effected by the "School Code" (Act of May 18, 1911, P. L. 309) in cases where the boundaries of a borough are altered by annexation. The elections referred to in the act cannot mean other than the elections held by and for the boroughs affected, the subject-matter of this legislation, and, as a collateral result only, school district elections. It should be observed

3 D. & C.

that section 2 of the Act of May 10, 1921, P. L. 455, which apportions the State into State representative districts, expressly provides that any ward created subsequent to the completion of any United States decennial census shall continue to belong to the district of which it was previously a part. Note, also, that no provision appears in the act for adjusting county indebtedness between the two counties affected by such annexation. Then, again, the act in question expressly provides that all State and county taxes collected in the annexed territory shall be payable to the county of which it was, prior to the annexation, a part, clearly indicating that while, for the purposes of borough government, it was intended that it might be treated in a way as annexed to the county in which the annexing borough was located, yet that, in fact, except for purely borough purposes, it still remains a part of the county in which it was located before the annexation.

From the conclusions thus reached, it follows that the court committed no error in its tabulation of the State senatorial vote in the 46th Senatorial District by its refusal to tabulate the election return from the 5th Precinct of the Borough of McDonald, which lies wholly within the County of Allegheny and wholly outside of the 46th Senatorial District.

There is grave doubt in the mind of the court as to the constitutionality of the said Act of May 25, 1921, P. L. 1142, providing for annexation to boroughs, but, by reason of the conclusions already reached, a determination of that question becomes unnecessary in this proceeding.

This court requested Judge J. A. McIlvaine, retired, to prepare and submit to it an advisory opinion dealing with the matters involved in this proceeding, which same was duly submitted by him and is filed herewith.

BROWNSON, P. J., concurring.—The Act of May 25, 1921, P. L. 1142, amends the Borough Code of May 14, 1915, P. L. 312, by adding *(inter alia)* to that portion thereof which authorizes and regulates the annexation to any borough, by ordinance, of "adjacent land situate in the same or any adjoining county," the provision that "where lands are annexed to a borough of an adjoining county, such lands shall thereupon be held to be in the county in which said borough was incorporated, for all purposes pertaining to boroughs, schools (except the entering of tax and other liens), elections and the assessment and collection of taxes, but for all other purposes shall be considered to be in the county of its location as if the said annexation had not been made." In so far as the introduction into this amendment of the word "elections" may have the effect of causing the statute to provide that returns of the votes cast for borough officers shall be made in the county wherein the annexing borough is located, and contests of such elections be carried on therein, the legislation may be valid, upon the ground that such a provision is germane to the subject of the regulation of boroughs, though we do not now determine this. And in view of the fact that under the School Code of May 11, 1911, P. L. 309, any annexation to a borough operates automatically to make the annexed territory a part of the school district composed of the borough, perhaps the statute may be valid, also, in so far as it makes this same provision respecting the election of school directors. But if the amendment should be construed as providing, and in so far as it may provide, that the inhabitants of the annexed territory shall participate in the election of judges, county officers and members of the legislature for the county of the annexing borough, it would seem to be unconstitutional, for the reason that no purpose to regulate the affairs of counties, or judicial, senatorial or legislative districts, is disclosed by the title of the act. The same remark may be made as to the attempt to regulate the assessment and collection of county taxes. It may also offend against the Consti-

tution in other respects; for example, section 15 of article v, prescribing by whom judges shall be elected. But it is unnecessary to pass upon the question of constitutionality at present, for the reason that, even if this legislation be in all respects valid, the action of the Borough of McDonald in subsequently annexing a portion of the territory of Allegheny County can in no possible view have the effect of repealing or altering the apportionment act passed by the legislature in obedience to constitutional mandate at its first session following the census of 1920. That statute, Act of May 10, 1921, P. L. 449, provides that the 46th Senatorial District shall consist of the Counties of Washington and Greene, with the lines and boundaries thereof which existed at the time of the completion of the census aforesaid. Not only does the Constitution imply that senatorial districts, once fixed, shall remain unchanged until the next decennial census, but (if this were otherwise) the language of the amendment above quoted would not be sufficient to manifest an intention that subsequently occurring changes in county lines shall in any way affect established senatorial districts.

At the hearing of the pending rule, no position antagonistic to these views was assumed by the counsel who are resisting the exclusion from the computation of the votes cast for Senator in the 5th Precinct of McDonald Borough, No argument or claim was made that, if it should appear that this precinct consists of a part of Allegheny County, annexed since the Act of May 25, 1921, to the Borough of McDonald, located in Washington County, such annexation would have the effect of making the annexed territory a part of the 46th District, and give to its inhabitants the right to participate in the election of a senator for that district. The only argument made was that the court, when computing the vote, has no right to know or inquire whether this precinct is outside of the senatorial district; that the fact that the return from this precinct purports upon its face (according to the printed form on which it is made out) to be a return of votes cast for Senator of the 46th District, and other officers, in the "5th Precinct of the Borough of McDonald, Washington County, Pennsylvania," is conclusive, for present purposes, that the territory in question is a part of Washington County as incorporated by the Apportionment Act in the 46th District, and that while, if the court were sitting to hear a contested election case, it could inquire and determine whether this return comes from a precinct which is a part of the senatorial district, it has no jurisdiction or authority to do this when sitting for the purpose of computing the vote under section 13 of the Act of Jan. 30, 1874, P. L. 37, as finally amended by the Act of May 6, 1909, P. L. 425, but must close its ears to any allegation of the real facts and tabulate these votes as returned. I am unable to assent to this argument.

As is pointed out by Judge Finletter in the case of Fourth Division, 26th Ward, 26 Dist. R. 1081, the court, when acting under the 13th section of the Act of 1874, and its amendments, is not a mere adding machine. While it may not review the conduct of the election as would be done in the hearing of a contested election (e. g., it may not inquire whether the election officers were right in deciding that a certain person did or did not possess the constitutional qualifications of an elector), yet it is by the act explicitly empowered to hold an inquiry and receive evidence for the purpose of determining whether the return made is a "just return," and correcting any "palpable fraud or mistake" therein. Can there be anything which more fully answers the description of a palpable mistake than the inclusion in a return sent to the court of votes for Senator of the 46th District cast by inhabitants of territory that is incontrovertibly not a part of that district?

3 D. & C.

Forty-sixth State Senatorial District Election.

It is contended, as already stated, that the court, when sitting to compute the vote, has no right to know, from anything outside of the return itself, that the election precinct from which it comes is outside of the senatorial district; that the return is not only *prima facie* but conclusive evidence that the votes in question were cast within that district. As I read section 13, above cited, it contemplates and intends that the court shall know, or ascertain, of what election precints the county or territory, the vote of which it is to compute, is composed. The statute explicitly provides, in case the court finds that the returns from any election districts are missing, for the taking of appropriate proceedings in relation thereto. To carry out this part of the act, the court must know what are the election districts whose vote is to be computed, and I think it has jurisdiction, if there be among the returns one which ought not to be there, to ascertain and declare this fact, just as it would have to declare that a return which ought to be in its hands is missing; and that even if the return now in question had on its face explicitly stated that the precinct is located within the 46th Senatorial District (which, by the way, this return does not), the court would have jurisdiction, by the express provisions of the act, to ascertain whether this was a palpable fraud or mistake.

Of the fact that this precinct is not within the 46th District as established by law, the court could probably take judicial notice. The act provides that the court shall sit as a court, in open session, for the purpose of computing the returns. It has been said that a court can take judicial notice of whether a particular township is or is not located within the county in which the court is sitting: Com. *v.* Kaiser, 184 Pa. 493. However, the disposition of this rule does not turn upon the point of the right of the court to take judicial notice of such a fact as something supposed to be known to it without proof.

Down until the time when the pending rule was heard before a full bench, the court, sitting for the purpose of computing the vote of this election, was held by my colleague, Judge Cummins, who had been assigned to act for this purpose. On looking into the record and inquiring into the proceedings which were had, I learn that on Nov. 13th, within three days (excluding Sunday, the 12th) after the returns were presented to the court, there was presented a complaint of an elector of the 46th Senatorial District, specifically bringing to the attention of the court the fact that the 5th Precinct of McDonald Borough is not a part of the senatorial district, and that the court made inquiry into the facts, and had before it as evidence thereof records of the Court of Quarter Sessions of this county, which, upon inspection, showed that the Borough of McDonald, in Washington County, by an ordinance approved July 5, 1921, annexed to it a section of Allegheny County, and that on May 22, 1922, the Quarter Sessions, in an order rearranging the election districts of McDonald Borough, decreed that the Allegheny County territory so annexed to it should constitute the 5th Election District. It thus appeared, not as a matter of judicial notice merely, but by actual evidence, that the 5th Election District or Precinct of McDonald Borough was territory included at the time of the completion of the census of 1920, not in Washington County, but in Allegheny County, and, hence, is not a part of the 46th Senatorial District as established by the Act of May 10, 1921, P. L. 449.

On Nov. 13th Judge Cummins made a decree, reciting a finding of fact that the votes in question were cast outside of the senatorial district, and a conclusion of law that they were void, and the return thereof to the court a palpable mistake, and ordering that they be not included in the computation of the senatorial vote. But, desiring to give to the senatorial candidates an opportunity to be heard, he, on Nov. 14th, directed the issue of the now pending

rule, which calls upon them to show cause why said votes should not so be excluded. I think the rule should be made absolute, because the facts shown by the records of the Quarter Sessions fully justify a decree such as that made on Nov. 13th. These facts show that the certification to the court of the votes in question was a palpable mistake. The circumstance that this was brought about by the error of the county commissioners in sending out to this precinct ballots with the names of candidates for Senator in the 46th District printed thereon, and that the election officers may be said to have followed their implied instructions, does not prevent the inclusion in the return of votes for such Senator from being a palpable mistake therein. The officers of a precinct located outside of this senatorial district had no jurisdiction to meddle with the election of a Senator therein, and the county commissioners could not confer such jurisdiction upon them. The votes cast in that precinct for such Senator were absolutely void, and the return thereof by the election officers was equally void.

I concur in the conclusion of my colleague that these votes should not, contrary to what has been shown to and is known by the court to be the real truth of the matter, be certified as being among the votes cast in the 46th Senatorial District.

McILVAINE, retired Judge:
To the Hon. Erwin Cummins, Judge of the Court of Common Pleas:

In compliance with your request that I advise you of my opinion as to the right of residents within the limits of the 5th Election Precinct of the Borough of McDonald to vote for candidates for State Senator in the 46th Senatorial District, which consists of Washington and Greene Counties, I herewith submit for your consideration the following facts:

1. The ordinance of the Borough of McDonald, which is filed to No. 315, August Term, 1921, of the Court of Quarter Sessions of this county, shows that the addition to the borough thereby made was of land situated in North Fayette Township, Allegheny County, Pennsylvania.

And the record of said court to No. 337, February Term, 1922, expressly provides that the 5th Election Precinct, so enlarged by said ordinance, shall consist of the part of the borough which was added from North Fayette Township, Allegheny County, Pennsylvania.

2. The only authority for enlarging the borough, as provided in said ordinance, is the Act of Assembly approved May 25, 1921, P. L. 1143, which is entitled "An act to amend a section of the General Borough Act of 1915," and which does not, for State and county purposes, permit the change of county lines.

3. The Senatorial Apportionment Act, approved May 10, 1921, P. L. 449, expressly provides that county lines as they existed when the United States census of 1920 was completed shall be the boundaries of senatorial districts, and the borough ordinance enacted late in the year 1921 could not change the provision of the Senatorial Apportionment Act.

4. The residents and electors within the territorial limits of the 5th Election Precinct of the Borough of McDonald (except for purposes pertaining to the borough or its school district) should vote in North Fayette Township, Allegheny County, where they voted before said ordinance was enacted, and I am clearly of the opinion that the return of the election board of the 5th Election Precinct of the Borough of McDonald, so far as votes returned for senatorial candidates are concerned, was a nullity, or, in the language of the Act of 1909, providing for the tabulation and computation of election returns at general

3 D. & C.

elections, was a "palpable mistake," and that your order of Nov. 13, 1922, so holding, was properly made.

5. To construe the Act of May 25, 1921, P. L. 1143, in any other way than as only amending a section of the General Borough Law would make it unconstitutional. And I may suggest that at the time I, as President Judge, with my colleague, Judge Brownson, allowed the ordinance to be filed to No. 315, August Term, 1921, I expressed to the solicitor of the borough my doubts as to the constitutionality of the act.

In dismissing exceptions, the court entered the following

*Decree.*

And now, Dec. 4, 1922, this rule came on to be heard by the court *in banc* at the time and place named in the order granting said rule, and said James Barnett and George B. Sprowls and their respective counsel having been heard, and, after due consideration, it is ordered, adjudged and decreed as follows, to wit:

1. That the territory comprising and included in the territorial limits of the 5th Election Precinct of the Borough of McDonald—the other four election precincts of which are in Washington County, Pennsylvania—is not included in the 46th Senatorial District of Pennsylvania, which consists of and only includes Washington and Green Counties as they existed when the United States census of 1920 was completed.

2. That the rule herein granted is made absolute, and in computing and certifying the election returns of Washington County for the office of State Senator for the 46th Senatorial District of Pennsylvania, the votes cast in the 5th Election Precinct of the Borough of McDonald, which is not within the boundaries of said senatorial district, and in which seven votes were cast for James E. Barnett, Republican, and one vote for James E. Barnett, Prohibitionist, and nine votes for George B. Sprowls, Democrat, should be omitted, and that such omission, in "the judgment of the court, is necessary to a just return."

3. That the ruling of Cummins, J., made in writing on Nov. 13, 1922, and herein filed, is by the court *in banc* affirmed.

4. That this decree be filed and made part of the proceedings wherein the returns of the general election held Nov. 7, 1922, were tabulated and computed by the Court of Common Pleas, Cummins, J., presiding, and his sworn assistants, being J. R. Irwin Knox, David I. McAlister, Virginia Waltz and Elizabeth I. Naser.          From Harry D. Hamilton, Washington, Pa.