## Petition of City of Pittsburgh

*John M. Reed* and *George L. Hilty*, for petitioner.

*William Alvah Stewart, Jr.*, city solicitor, and *Harry C. Beschel*, assistant city solicitor, for respondent.

PATTERSON, J., January 10, 1940.—This is a rule to show cause why certain tax liens should not be stricken off. The facts are not in dispute. Petitioner, the City of Pittsburgh, on July 7, 1924, by sheriff's sale, upon a delinquent tax lien bought in the property here involved and, by sheriff's deed, holds the record title thereto. The County of Allegheny has continued to assess, levy, and lien its tax claims against the said lots in the name of the City of Pittsburgh. No income is derived from the property. No actual use is made of

it. Upon the rule presented, the question we are called upon to decide is whether or not one municipal subdivision of the Commonwealth may assess, levy, and lien taxes against real estate of another municipal subdivision, when acquired by judicial sale upon a delinquent tax lien, and from which no income is derived and of which no use is made.

Respondent has raised another question in limine which goes to the jurisdiction, contending petitioner should proceed by a bill in equity. In the recent case of City of Pittsburgh v. Schaefer, 87 Pitts. 127, it was stated by this court that a motion to strike off a tax lien could "only be granted if it appears from an inspection of the record itself that the tax lien was improperly or illegally entered."

If inspection of the record and application of the pertinent legal doctrine discloses the lien in the case at bar to have been in contravention of the law, it is "illegally entered," and the rule may be properly entertained. It is our opinion that, while equity may have jurisdiction, it is concurrent with the right to proceed at law and is not the exclusive remedial authority.

All real estate not exempt from taxation within the Commonwealth shall be valued and assessed for taxes: Act of April 8, 1873, P. L. 64; Patterson v. Delaware County, 70 Pa. 381; Philadelphia v. Barber, 160 Pa. 123. The claimant for exemption must show affirmative legislation in support of such claim: Wagner Free Institute v. Philadelphia, 132 Pa. 612; Heron v. Pittsburg, 57 Pa. Superior Ct. 648. General statutes on the subject of taxation refer to private property and not to property owned by the State or a municipal subdivision thereof. There is no doubt that the words of the statute applying to private rights do not affect those of the State: Baker et al. v. Kirschnek et al., 317 Pa. 225, 231. It is no less definitely established that a municipality may not tax State-owned property without clear statutory authority: Commonwealth of Pennsylvania, State Employes' Retirement

System v. Dauphin County et al., 335 Pa. 177, 181. No exemption law is needed for real estate actually held for public purposes: Directors of the Poor, etc., v. School Directors, etc., 42 Pa. 21, 25; Commonwealth v. Pure Oil Co. et al., 303 Pa. 112, 117. Nor can the sovereign power of the State impose a tax on a municipal subdivision thereof: Commonwealth v. Pure Oil Co. et al., supra:

"We have many times said that while the State may, by a general statute, tax subordinate governmental agencies in matters affecting the performance of their governmental duties, the presumption is that this was not intended, and nothing short of an expressed or necessarily implied purpose to tax them will suffice to make them liable therefor."

We come, then, to the question of whether or not the property here involved is in public use. While not physically applied to such purpose, the fact remains that it was acquired by the City of Pittsburgh and is being held by it in the exercise of a governmental function, to wit, the collection of taxes by judicial process. Certainly, then, the municipality should not be required to utilize a part of the funds it raises from taxation of its citizens, for the payment of a tax to another municipal subdivision. So doing has been frowned upon by our decisional authorities: The County of Erie v. The City of Erie, 113 Pa. 360, 362; Directors of the Poor, etc., v. School Directors, etc., supra.

Finally, we deem the question settled by the Municipal Lien Act of May 16, 1923, P. L. 207, sec. 31, 53 PS §2051, which provides:

"Any county, municipality, township, or school district, being a claimant, shall have the right, and is hereby empowered, to bid and become the purchaser of the property at such sale; and while the said property, so purchased, is held and owned by either a county or a municipality, township, or school district, it shall not be subject to tax claims, unless it be redeemed by the former owner

or other person having the right to redeem, as provided by law."

Had the General Assembly authority for so doing? The legislature acted in pursuance of its constitutional authority, conferred upon it by article IX, sec. 1, of the Constitution of 1874, which directs that all taxes shall be levied and collected under general laws, and then continues:

". . . but the General Assembly may, by general laws, exempt from taxation public property used for public purposes, actual places of religious worship, places of burial not used or held for private or corporate profit, and institutions of purely public charity."

Prior to the adoption of the Constitution, public property was not taxable because there was no law in Pennsylvania making it so: The County of Erie v. The City of Erie, supra. Article IX, sec. 1, of the Constitution did not make it taxable, because these sections of the Constitution are not self-executing, but simply a mandate to the legislature to carry them into effect by consonant legislation: York County Agricultural Society v. York County et al., 119 Pa. Superior Ct. 85, 88; Evans v. Phillipi, 117 Pa. 226, 237; Coatesville Gas Co. v. County of Chester, 97 Pa. 476, 481.

To recapitulate, the legislature has made subject to taxation all real estate not exempt by law: Act of April 29, 1844, P. L. 486, sec. 32, as amended by the Act of April 28, 1927, P. L. 491, sec. 1, 72 PS §4781. The legislature has supplied the exemption in the Municipal Lien Act of 1923, by the section hereinbefore cited. The words of the statute are so plain that no tenet or rule of construction need be invoked. It is the obvious legislative intent that a municipality should not be penalized by taxation on property it is required to take over for unpaid municipal taxes, deeming such property to be held in furtherance of a governmental function and therefore for the benefit of a municipal citizenry and which, being so held, is serving a public use. If it produced revenue, it

would be taxable (Erie County v. Commissioners of Water Works, etc., 113 Pa. 368, to be distinguished from County of Erie v. City of Erie, supra), or if its use were diverted to any purpose save public use.

In effect, the proceeding of acquiring property by the city, pursuant to a sheriff's sale on a delinquent tax lien, is the equitable conversion of tax debt due the city into real estate and, until the real estate is given character other than public, it is not subject to taxation.

We conclude, therefore, that the liens filed by the County of Allegheny against this property, and any other property held by the City of Pittsburgh in like circumstances, should be stricken off.

### Order

And now, to wit, January 10, 1940, rule to show cause why the tax liens, set forth in the petition filed, should not be stricken off is made absolute.